UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIE PAINTING & MAINTENANCE, INC.,

       Plaintiff and Counter Defendant,

v.

ILLINOIS UNION INSURANCE COMPANY,

       Defendant and Counter Claimant,

**REPORT
and
RECOMMENDATION**

**09-CV-00940S(F)**

---

APPEARANCES:     GROSS, SHUMAN, BRIZDLE & GILIFILLAN, P.C.
                        Attorneys for Plaintiff
                        RICHARD S. ATWATER, and
                        TREVOR MICHAEL TORCELLO, of Counsel
                        465 Main Street
                        Suite 600
                        Buffalo, New York 14203

                        HODGSON RUSS LLP
                        Attorneys for Defendant
                        RYAN K. CUMMINGS, and
                        PATRICK TOMOVIC, of Counsel
                        The Guaranty Building
                        140 Pearl Street
                        Suite 100
                        Buffalo, New York 14202

## JURISDICTION

This action was referred to the undersigned by Honorable William M. Skretny, on December 8, 2009, for report and recommendation on Plaintiff's motion to remand, (Doc. No. 12), filed December 2, 2009.

## BACKGROUND

Plaintiff Erie Painting & Maintenance, Inc. ("Plaintiff" or "Erie Painting"), is a New

York corporation with its principal place of business in Cheektowaga, New York, engaged in the business of construction work, including construction work on various roadways and bridges. On October 9, 2009, Plaintiff filed a Complaint in New York Supreme Court, Erie County, seeking judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-02 ("the Declaratory Judgment Act" or "the Act"), declaring that Defendant, Illinois Union Insurance Company ("Defendant" or "Illinois Union"), an Illinois corporation with its principal place of business in Philadelphia, Pennsylvania, is obligated to insure and defend Plaintiff in connection with a personal injury action filed against Plaintiff in New York Supreme Court, Oneida County ("the personal injury action"). On November 2, 2009, Defendant removed the action to this court, asserting diversity of citizenship as the basis for subject matter jurisdiction in this court.

On December 2, 2009, Plaintiff filed the instant motion (Doc. No. 12) ("Plaintiff's Motion"), to remand the matter to state court. Plaintiff's motion is supported by the Declaration of Trevor M. Torcello, Esq. (Doc. No. 13) ("Trevor Declaration"), with attached exhibits A through F ("Plaintiff's Exh(s). __"), and a Memorandum of Law in Support of Plaintiff's Motion to Remand (Doc. No. 14) ("Plaintiff's Memorandum"). On December 30, 2009, Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Remand (Doc. No. 17) ("Defendant's Memorandum"). On January 6, 2010, Plaintiff filed a Reply Memorandum of Law in Support of Plaintiff's Motion to Remand (Doc. No. 19) ("Plaintiff's Reply"), and the Declaration of R. Scott Atwater, Esq. (Doc. No. 20) ("Atwater Declaration"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion to remand should be DENIED.

# FACTS[1]

As relevant to this action, Defendant issued to Plaintiff commercial general liability insurance policy number G22066286 004 ("the Policy"),[2] effective September 1, 2008 to September 1, 2009, providing liability limits of $ 2,000,000 per occurrence, subject to a $ 5,000 liability deductible. Plaintiff obtained the Policy through Defendant's agent, Colemont Insurance Brokers ("Colemont"), located in Farmington, Connecticut. The Policy requires Illinois Union to defend and indemnify Plaintiff with regard to any claim for bodily injury or property damage to which the Policy applies, but excludes from coverage bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." Policy, § I.2.g. The Policy also requires Plaintiff comply with certain conditions precedent to coverage, including, as relevant, notifying Defendant "as soon as practicable of an 'occurrence' or an offense which may result in a claim [against Plaintiff]." Policy, § IV.2.a (bracketed material added).

On September 18, 2008, one Dimitrios Dovas ("Dovas"), while in Plaintiff's employ, was injured while performing construction work on New York State Route 8, in Utica, a municipality located in Oneida County, New York. The construction work was pursuant to a contract between Plaintiff and New York State ("the State"), and the

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] Although no copy of the policy is provided in the record, relevant portions of the policy are quoted in a letter dated February 10, 2009, attached as Exhibit A to the Torcello Declaration. It is not clear from the record the precise date Defendant issued the policy, but the parties do not dispute that the policy was in effect at the time of the incident on which the underlying personal injury action is premised.

contract required that the State be named as an additional insured on Plaintiff's Policy. Although Plaintiff investigated the accident "immediately" after its occurrence, Complaint ¶ 12, as a result of the investigation, Plaintiff determined no legal claim would be asserted against Plaintiff and, thus, did not immediately report the accident to Defendant. *Id*. ¶ 13.

On December 16, 2008, Dovas commenced, in the New York Court of Claims, a personal injury action against the State ("the personal injury action"), alleging Dovas fell from the decking of a mobile sand blasting system unit while attaching a hose, and that Dovas's injuries resulted from unsafe working conditions, inadequate protection and unsafe equipment. By letter dated January 5, 2009 ("the January 5, 2009 Letter"), the New York Attorney General placed Plaintiff on notice that Dovas had commenced the personal injury action against the State, and that the State intended to seek indemnity and contribution from Plaintiff relative to the personal injury action. Upon receipt of the January 5, 2009 Letter, on January 12, 2009, Plaintiff provided the January 5, 2009 Letter to its insurance broker, Lawley Agency, LLC ("the insurance broker" or "Lawley"), who forwarded the letter to Colemont that same day. As such, Defendant, through Lawley, its agent, received notice of the September 18, 2008 Dovas occurrence and claim on January 12, 2009. By letter to Plaintiff dated February 10, 2009 ("the February 10, 2009 Letter"),[3] Ace-Westchester Specialty Group ("ASG"), issued a disclaimer on Defendant's behalf, denying coverage under the Policy with respect to the personal injury action because Plaintiff failed to provide timely notice of the occurrence, and

---

[3] Torcello Declaration, Exh. A.

because the occurrence arose out of the use of an "aircraft, 'auto' or watercraft."[4] February 10, 2009 Letter at 3.

On May 21, 2009, the State commenced an action against Erie Painting in New York Supreme Court, Oneida County ("the State action"), seeking contribution and indemnity from Erie Painting for any judgment that may be awarded Dovas against the State in the personal injury action. On July 22, 2009, Lawley forwarded a copy of the State action complaint to Illinois Union, which has refused to defend and indemnify Erie Painting in the State action, Complaint ¶¶ 26-27, requiring Plaintiff to retain defense counsel in the State action, Complaint ¶ 28. Accordingly, on October 9, 2009, Erie Painting commenced the instant action in New York Supreme Court, Erie County, seeking, under the Act, a declaration that Illinois Union is required to provide a defense and indemnify Erie Painting in connection with the State action.

## DISCUSSION

Plaintiff seeks to remand the instant action to state court, arguing that because the court's subject matter jurisdiction over the matter, pursuant to the Declaratory Judgment Act, is discretionary, and a declaratory judgment in this action would encroach on the domain of New York courts in the State action, the instant action should be remanded so that Plaintiff can seek to have it consolidated with the State

---

[4] Although the precise role of ASG, including ASG's authority to issue such disclaimer on Defendant's behalf, is not fully described in the record, Plaintiff does not challenge the disclaimer of coverage on this ground.

5

action.[5]  Plaintiff's Memorandum at 1.  In opposition to remand, Defendant asserts that in the absence of a parallel state action, *i.e.,* one seeking declaratory relief as in the instant action, between Plaintiff and Defendant, Plaintiff's arguments in support of remand are without merit.  Defendant's Memorandum at 1-2.  Defendant also argues that if Plaintiff intended to adjudicate the insurance-coverage action with the State action and the personal injury action, Plaintiff should have commenced this action in the same court as the related State action, *i.e.,* in New York Supreme Court, Oneida County.  Defendant's Response at 6-7.  In further support of remand, Plaintiff argues that because the same insurance coverage issue which is the subject of the instant action will be litigated in the State action, remand is warranted to avoid the possibility of inconsistent rulings.  Plaintiff's Reply at 2-3.  According to Plaintiff, the instant action could not be commenced in New York Supreme Court, Oneida County, because New York Civil Practice Laws and Rules ("N.Y. Civ. Prac. L. & R.") § 503(c) ("§ 503(c)"), provides that the proper venue for an action brought by a domestic corporation, like Plaintiff, is limited to the county in which the corporation's principal office is located, here, Erie County.  Plaintiff's Reply at 4.  Plaintiff further maintains that upon the action being remanded to state court, Plaintiff will seek to have the instant matter joined with the State action pursuant to N.Y. Civ. Prac. L. & R. § 602 ("§ 602").[6]  *Id*.

---

[5] The court notes that although Plaintiff's request to remand is directed only to subject matter jurisdiction based on the existence of a federal question under the Declaratory Judgment Act, Defendant removed the action to this court based on diversity jurisdiction, the existence of which Plaintiff does not dispute.

[6] Although Plaintiff references § 602(a) as the legal means for consolidating the instant action with the State action, Plaintiff's Reply at 4, § 602(a) provides for consolidation of actions involving a common question of law or fact and pending before the same court, whereas § 602(b) provides for consolidation of actions pending in different courts, as in the instant matter.  As such, the court considers Plaintiff's

Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, 716 (1996) (citing, *inter alia*, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("*Colorado River*") ("[F]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'")). The duty to exercise jurisdiction, nevertheless, is not absolute. *Id*. (citing *Canada Malting Co. v. Paterson S.S., Ltd.*, 285 U.S. 413, 422 (1932)). "[F]ederal courts have the power to refrain from hearing cases that would interfere with . . . certain types of state civil proceedings, . . . and cases which are duplicative of a pending state proceeding." *Quackenbush*, 517 U.S. at 717-18 (citing cases). In fact, "the authority of a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief, . . . . [including] certain classes of declaratory judgments." *Id*. at 718 (citing cases). The abstention doctrine, however, provides that "federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest, for example, where abstention is warranted by consideration of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Id*. (quoting *Colorado River*, 424 U.S. at 817 (additional internal citation omitted)). Further, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief sought is equitable, or otherwise discretionary, but not in a common-law action for damages. *Quackenbush v. Allstate*

---

consolidation argument as asserted under § 602(b).

7

*Ins. Co.*, 517 U.S. 706, 719 (1996).

In particular, aside from abstaining from exercising the district court's jurisdiction in declaratory judgment actions, the abstention doctrine is comprised of four extraordinary and narrow exceptions to a federal court's duty to exercise jurisdiction. *Colorado River*, 424 U.S. at 813. Specifically,

> a district court's decision to abstain is appropriate only in order (1) to avoid a federal constitutional issue where that issue may be mooted or altered by a state-court ruling on the state-law question; or (2) to avoid hindrance of such state functions as criminal prosecutions or the collection of state taxes; or (3) to conserve federal judicial resources in those 'exceptional circumstances' where there is concurrent state-court litigation whose resolution could result in "comprehensive disposition of litigation;" or (4) to defer to state resolution of difficult state-law questions that involve local regulation and administration or important matters of local public policy.

*In re Joint Eastern and Southern District Asbestos Litigation*, 78 F.3d 764, 775 (2d Cir. 1996) ("*Asbestos Litigation*") (citing *Texas v. Pullman Co.*, 312 U.S. 496 (1941); *Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River*, 424 U.S. at 813, 817; *Kaiser Steel Corp. v. W.S. Ranch Co.*, 391 U.S. 593 (1968); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959); and *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).

In the instant case, abstention from exercising federal jurisdiction under either one of the four narrow exceptions articulated in *Asbestos Litigation*, or the Declaratory Judgment Act, would be improper.

Here, the only one of the four potentially applicable abstention category articulated in *Asbestos Litigation* is the third category, discussed at length in *Colorado River*, *i.e.*, to conserve federal judicial resources given concurrent litigation in a parallel state court action, the resolution of which could result in "comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 813, 817. In the instant case, however, because to date, no parallel state court action between Plaintiff and Defendant, seeking

8

declaratory relief as to Defendant's obligation to defend and indemnify Plaintiff for the personal injury action, has been filed, full relief on the coverage issue cannot be obtained in the State action. As such, the need to conserve federal judicial resources will not be furthered by declining to exercise jurisdiction over the instant case based on the abstention doctrine. The court thus considers whether it should decline to exercise jurisdiction under the Declaratory Judgment Act.

The Declaratory Judgment Act states that a court "*may* declare the rights and legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (italics added). This "permissive language [has consistently been construed] as a <u>broad</u> grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (underlining and bracketed material added); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (observing that the Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants" such that the Act has been "repeatedly characterized [ ] as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." (quoting *Public Serv. Comm'n. Of Utah v. Wycoff Co.*, 344 U.S. 237 241 (1952))).

The court observes that in the actions Plaintiff cites in support of declining to exercise jurisdiction under the Declaratory Judgment Act, parallel litigation between the same parties, on at least one issue, was pending in both a federal and a state court. *See*, *e.g.*, *Wilton*, 515 U.S. at 290 (holding "the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting

9

opportunity for ventilation of the same state law issues, were underway in state court [between the same parties]") (bracketed material added); and *Brillhart v. Excess Insurance Company of America*, 316 U.S 491 (1942) (declining to exercise jurisdiction under the Act because "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). In contrast, although Plaintiff maintains the issue of insurance coverage will be relevant to the State action, to date, no parallel state court action between Plaintiff and Defendant has been filed and, as such, full relief on the coverage issue cannot be obtained in the State action. Nor does the court see how the issue of insurance coverage is relevant to the State's indemnification and contribution claims against Plaintiff in the State action.

"Where a district court is presented with a[n insurance coverage] claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in state court." *Brillhart*, 316 U.S. at 495 (bracketed material added). More recently, the Second Circuit Court of Appeals has

> outlined five factors to be considered before a court entertains a declaratory judgment action: (i) "whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved"; (ii) "whether a judgment would finalize the controversy and offer relief from uncertainty"; (iii) "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'"; (iv) "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court"; and (v) "whether there is a better or more effective remedy."

*Dow Jones & Co., Inc.*, 346 F.3d at 359-60 (citations omitted).

In the instant action, consideration of these five factors weighs in favor of exercising the court's discretionary jurisdiction over the declaratory judgment action.

With regard to the first factor, a declaratory judgment would clarify whether Defendant is required to defend and indemnify Plaintiff in connection with both the State action and the underlying personal injury action.[7] Such determination would completely resolve the instant controversy and offer relief from uncertainty for the benefit of all parties, in consideration of the second factor, because regardless of the outcome of the first factor, further uncertainty is not possible. Accordingly, the declaratory relief as sought by the parties in this court will effect complete resolution of their dispute. Thus, both the first two factors weigh in favor of entertaining this declaratory relief action.

As to the third factor, "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata,'" *Dow Jones*, 346 F.3d at 359-60, the requested declaratory relief would require a decision only on the merits of issues pertaining to Defendant's disclaimer of coverage, including whether Plaintiff's late notice was excusable, or whether coverage is exempted because the occurrence arose out of the use of an aircraft, auto, or watercraft, and thus would have no bearing on the related actions pending in state court. Further, as Plaintiff asserts, Plaintiff's Reply at 3-4, because neither Plaintiff nor Defendant qualifies as a resident of Oneida County, the

---

[7] The court notes that, in point of law, the state's right to indemnification or contribution does not accrue until a judgment is obtained against the state in the personal injury action. *See McDermott v. City of New York*, 406 N.E.2d 460, 461 (N.Y. 1980) (holding contribution and indemnification claims accrue when party seeking indemnification has made payment to injured party).

relevant New York venue provision, § 503(c), bars Plaintiff from raising the instant claim in an action filed in New York Supreme Court, Oneida County. As such, seeking a final resolution on the disclaimer issue is not mere "procedural fencing" on the facts of the case, and the third factor weighs in favor of retaining this declaratory judgment action.

The fourth factor, "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court," is neutral because, as Defendant states, Defendant's Memorandum at 4, federal courts are often called upon in declaratory judgment actions, to decide insurance coverage issues. Nothing in the record indicates that federal courts routinely decide such issues in error, or in a manner different than a state court so as to create a serious risk of conflict between this court and New York Supreme Court. The fourth factor thus weighs in favor of exercising jurisdiction.

The fifth factor, regarding whether there is a better or more effective remedy in state court, also weighs in favor of this court exercising jurisdiction over the declaratory judgment action because § 503(c) bars Plaintiff from raising the insurance coverage claim in New York Supreme Court, Oneida County, and there is no guarantee that, should the district court decline to exercise jurisdiction over the instant action, the consolidation Plaintiff maintains it would seek pursuant to § 602(b), would be permitted.

Moreover, although Plaintiff's remand motion asserts that the court, in its discretion, should decline to exercise its jurisdiction under the Declaratory Judgment Act and remand the action to state court, none of the cases Plaintiff cites in support of remand, were removed from state court; rather, the cases involve abstention wherein a district court, despite having jurisdiction over a matter under the Act, considered

12

whether to abstain from exercising such jurisdiction, and either stayed the matter pending resolution of a parallel action in state court, see *Wilton*, 515 U.S. 277 (staying federal action pending resolution of later-filed state court action), or dismissed the action, see *Dow Jones & Company, Inc.*, 346 F.3d 357 (declining to exercise jurisdiction and dismissing action seeking declaratory judgment to preclude defendant from pursuing defamation action against plaintiff in foreign court); *Baskerville v. Cunningham*, 01-CV-0606SR, 2004 WL 941639 (W.D.N.Y. Jan. 13, 2004) (declining to exert jurisdiction over declaratory judgment action and dismissing action); and *Great American Ins. Co. v. Houston General Ins. Co.*, 735 F.Supp. 581 (S.D.N.Y. 1990) (dismissing declaratory judgment action where parallel action was pending in Northern District of Texas).  As such, although Plaintiff is correct that this court's jurisdiction under the Declaratory Judgment Act is discretionary, should this court, in its discretion, choose not to exercise its jurisdiction under the Act, because no parallel action is pending in state court, the result would not be a remand of the instant action to state court, but either a stay of this action without prejudice to avoid any *res judicata* effect, pending resolution of the related state court action, or outright dismissal of the action, and either result would be inconsistent with Plaintiff's stated expectation that, upon the action being remanded to state court, Plaintiff would seek to have the instant matter joined with the State action pursuant to § 602(b).  As such, the fifth factor weighs in favor of exercising jurisdiction over the action.

Accordingly, the district court should exercise jurisdiction over the instant declaratory relief action and Plaintiff's Motion should be DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to remand (Doc. No. 12), should be DENIED. The matter should be referred back to the undersigned to schedule further proceedings.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: April 12, 2010
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**
Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     April 12, 2010
              Buffalo, New York