UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIE PAINTING & MAINTENANCE, INC.,

                Plaintiff,

v.                                                                         **DECISION AND ORDER**

ILLINOIS UNION INSURANCE COMPANY,                 09-CV-940S

                Defendant.

## I.  INTRODUCTION

In this action, Plaintiff Erie Painting seeks a declaration that its insurer, Illinois Union, is required to defend and indemnify it in a personal injury action pending in New York State court.  On June 25, 2012, this Court filed a Decision and Order (Docket No. 74), denying the parties' respective summary judgment motions.  Illinois Union has moved to certify the June 25, 2012 Decision and Order for interlocutory appeal (Docket No. 79), pursuant to 28 U.S.C. § 1292(b).  For the reasons stated below, the motion is denied.

## II.  DISCUSSION

A district judge may request that a Court of Appeals hear an interlocutory appeal of an order not otherwise appealable if the district judge finds in writing that the order involves a "controlling question of law as to which there is substantial ground for difference of opinion" and finds that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Here, Illinois Union maintains that its disclaimer of coverage, made no more than 29 days after it received notice of the injury, was timely as a matter of law.  Under New

1

York law, "[a]n insurer is obligated to give written notice of a disclaimer of coverage 'as soon as reasonably possible,' measured from the time that the insurer has sufficient information to disclaim coverage in good faith." Webster v. Mount Vernon Fire Ins. Co., 368 F.3d 209, 216 (2d Cir. 2004) (quoting N.Y. Ins. L. § 3420(d), and citing Ward v. Corbally, 207 A.D.2d 342 (2d Dep't 2001)).

On summary judgment, Illinois Union maintained that "New York courts have found . . . a disclaimer of coverage issued within a month after the insurer obtains sufficient facts to form the basis of the disclaimer is reasonable as a matter of law." (Docket No. 44-4 at 23.) This Court rejected this argument and denied summary judgment, finding that:

> [T]he New York Court of Appeals has specifically declined to adopt the bright-line rule on which Illinois Union rests its argument: after recognizing the possible benefits of such a rule, it concluded, "the difficulty with imposing a fixed time period—which the Legislature scrupulously avoided—is that most often the question whether a notice of disclaimer has been sent 'as soon as is reasonably possible' will be a question of fact, dependent on all of the circumstances of a case that make it reasonable or unreasonable, for an insurer to investigate coverage."

Docket No. 74 at 14-16, 2012 U.S. Dist. LEXIS 87946, at *23 (W.D.N.Y. June 25, 2012) (quoting First Fin. Ins. Co. v. Jetco Contr. Corp., 1 N.Y.3d, 64, 70 (2003)).

Illinois Union's argument appears to be that disclaimer notices sent within 30 days are *per se* reasonable. This Court is not persuaded that there is "substantial ground for difference of opinion" in this regard.

In First Fin. Ins., the New York State Court of Appeals emphasized that whether a notice of disclaimer has been sent as soon as reasonably possible is dependent on the necessity for an investigation and the complexity of the issues affecting an insurer's decision to disclaim coverage. 1 N.Y.3d at 69. Where, as here, the basis for denying coverage—*i.e.*, that the insured's notice of the occurrence was untimely—"was or should

2

have been readily apparent," *id.*, there may be no need to conduct an investigation before determining whether to disclaim. In such circumstances, a 30-day delay has been found unreasonable as a matter of law. W. 16th St. Tenants Corp. v. Pub. Serv. Mut. Ins. Co., 290 A.D.2d 278, 279 (1st Dep't 2002). Illinois Union's contention that a "fixed yardstick" or *per se* rule is appropriate to such determinations is contrary to governing New York state law. In this Court's view, an appeal on this issue is unlikely to succeed at this stage and, therefore, will not ultimately advance the termination of this litigation. Illinois Union's request for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) will therefore be denied.

### III. CONCLUSION

For the reasons stated above, Defendant's motion is denied.

### IV. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion for Certification of the Court's June 25, 2012 Decision and Order for Interlocutory Appeal (Docket No. 79) is DENIED.

SO ORDERED.

Dated: September 14, 2012
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court